## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PROIMMUNE COMPANY, LLC,<br><br>                   Plaintiff,<br><br>   v.<br><br>LAURA LILE, M.D, and THREE AMINOS,<br>LLC,<br><br>                 Defendants. | Civil Action No. 1:22-cv-7242<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1. **BREACH OF DISTRIBUTION AGREEMENT**<br><br>2. **VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d) *et seq.*)**<br><br>3. **INFRINGEMENT OF REGISTERED TRADMARKS (15 U.S.C. § 1051 *et seq.*)**<br><br><u>**JURY TRIAL DEMANDED**</u> |

## COMPLAINT

Plaintiff THE PROIMMUNE COMPANY, LLC ("ProImmune"), by and through its attorneys, for its complaint against LAURA LILE, M.D. ("Dr. Lile"), and THREE AMINOS, LLC ("Three Aminos") hereby alleges the following:

## NATURE OF THE ACTION

1.     This is straightforward case to remedy a blatant breach of contract and trademark infringement.

2.     The plaintiff in this case is The ProImmune Company, LLC, which was founded by Dr. Albert Crum, a 90-year-old, distinguished physician and scientist.  As part of an illustrious career, Dr. Crum invented Immune Formulation 200®, a patented product to promote intra-cellular glutathione synthesis. Glutathione plays a critical role in immune function.  Dr.

Crum's company ProImmune has been selling Immune Formulation 200® as a dietary supplement for more than a decade.

3.      Defendant Dr. Lile posed as a partner, friend, and mentee of Dr. Crum, calling his product "revolutionary."  She, together with a company she created and controlled, Defendant Three Aminos, became a distributor of Immune Formulation 200® and committed to minimum annual purchases (in excess of $5 million in the first two years alone) through a Distribution Agreement.  Under the terms of the Distribution Agreement, Dr. Lile also committed to become a spokesperson for the product.

4.      However, not long after signing the Distribution Agreement, Dr. Lile and Three Aminos materially breached their obligations.  First, Dr. Lile and Three Aminos failed to make their required minimum purchases under the Distribution Agreement and currently owe ProImmune more than $3 million.  Second, Dr. Lile has failed to fulfill her obligations as a spokesperson for Immune Formulation 200®.

5.      Importantly, the Distribution Agreement also contains a host of provisions that detail specifically how Dr. Lile and Three Aminos are permitted to sell Immune Formulation 200®, including how the product must be marketed and packaged, the required name for the product (*i.e.*, Immune Formulation 200®) and the website where it must be sold online. Moreover, the Distribution Agreement is crystal clear that Three Aminos and Dr. Lile may not assert any intellectual property rights over the product without Dr. Crum and ProImmune's express permission and consent.

6.      Recently, however, Dr. Crum discovered to his great dismay that Dr. Lile attempted to trademark a new name for his product—"IF200"—without his knowledge or consent.  In further violation of the Distribution Agreement, Dr. Lile created an unauthorized

website to sell Immune Formulation 200® (www.if200.com) where Dr. Lile incredibly suggests that she "co-founded" and "pioneered" the product. Both of these claims are false, and all of Dr. Lile and Three Aminos' conduct infringes upon ProImmune's registered trademark, violates the Anticybersquatting Consumer Protection Act, and breaches the parties' Distribution Agreement.

7.      Dr. Crum attempted for months to resolve the dispute and gave numerous opportunities for Dr. Lile and Three Aminos to become current on their obligations under the Distribution Agreement. Unfortunately, Dr. Lile's deceptive conduct and violations of federal law make clear that Dr. Lile has simply exploited her relationship with Dr. Crum for her own personal gain and at his expense. As a result, Dr. Crum and ProImmune have no choice but to commence this lawsuit.

## PARTIES

8.      Plaintiff ProImmune is a Delaware limited liability company with its principal place of business in Rhinebeck, Dutchess County, New York.

9.      Defendant Dr. Lile is an individual who, on information and belief, resides in Alpharetta, Fulton County, Georgia.

10.     Defendant Three Aminos is a Georgia limited liability company with its principal place of business in Franklin, Tennessee.

## JURISDICTION AND VENUE

11.     The Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action that arises under the laws of the United States. The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omission giving rise to the claim occurred in this district and Defendants have consented to venue in this District.  Defendants have also consented to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### Dr. Crum's Research and Formulations

13.     Dr. Crum is a Harvard Medical School-educated physician and scientist who enjoyed a long and distinguished career as a clinician, including in the Air Force, before developing ground-breaking innovations to improve human health and wellbeing.

14.     Dr. Crum developed the free-form amino acid precursor ("FFAAP") method to allow the body to replenish intra-cellular glutathione safely and physiologically.  Glutathione is the body's "master antioxidant," present in relatively high concentrations in every cell of the body.  It plays multiple critical roles in the body and a glutathione deficiency is implicated in numerous disease states.  The FFAAP method involves providing the building blocks needed by the body's own cellular machinery to assemble glutathione on an as-needed basis via products such as Immune Formulation 200®.

15.     Immune Formulation 200® is a proprietary blend of selenium and amino acids.  It has been the subject of significant scientific research, including research published in prestigious peer-reviewed medical journals.  ProImmune has been successfully manufacturing and selling Immune Formulation 200® for more than a decade.

16.     On March 6, 2020, ProImmune conducted a meeting at the Harvard Club of New York City on glutathione and Dr. Crum's research.  Dr. Lile attended this meeting and presented on her own concierge medial practice and work she said she was doing with the Vatican.  Dr.

4

Lile, like other participants at this meeting, was required to sign a non-disclosure agreement in a personal capacity.

17.     Prior to this meeting, Dr. Lile was not familiar with the FFAAP method, which she described as "revolutionary."

18.     Dr. Lile asked to become a distributor of Immune Formulation 200®.  She informed Dr. Crum that she was going to form a new business entity for this purpose:  Defendant Three Aminos.  The name of this company is based on the fact that three amino acids are utilized as part of Immune Formulation 200®.

## The Distribution Agreement and Its Second Amendment

19.     Three Aminos and ProImmune then entered into a Distribution Agreement ("Distribution Agreement," attached hereto as **Exhibit 1**) and Dr. Lile began placing orders for Immune Formulation 200®.

20.     As time progressed, Dr. Lile increasingly ingratiated herself with Dr. Crum.  Dr. Crum spent countless hours on daily or nearly daily phone calls with Dr. Lile, teaching her about the FFAAP method, Immune Formulation 200®, and the science underlying Dr. Crum's life work—which is extensive.  As the relationship deepened—and given that Dr. Lile had both signed a comprehensive non-disclosure agreement and as well as a non-compete in the Distribution Agreement—Dr. Crum ultimately taught Dr. Lile most of ProImmune's know-how and trade secrets.  This included details of the Immune Formulation 200® manufacturing process.

21.     On November 7, 2020, ProImmune and Three Aminos entered into the Second Amendment to the Distribution Agreement ("Second Amendment," attached hereto as **Exhibit 2**).  Among other things, the Second Amendment committed Three Aminos to distribute Immune

Formulation 200® with certain annual minimum performance obligations.  It also committed Dr.

Lile to acting as the spokesperson for Immune Formulation 200® in a personal capacity.

### Dr. Lile and Three Aminos Breach Their Contractual Obligations

22.     Unfortunately, not long after entering into the Second Amendment, the

Defendants began failing to comply with their contractual obligations.

23.     For example, the Distribution Agreement required Three Aminos to purchase $2

million in Immune Formulation for the first year after execution of the Agreement (April 24,

2020 through March 31, 2021), and $3 million for the second year (April 1, 2021 through March

31, 2022).  Yet, Three Aminos failed to fulfill its purchase obligations for either year, currently

owing $3,150,000 in purchases.  Dr. Lile also failed to meet her obligations as spokesperson

under the Distribution Agreement.

24.     Dr. Crum raised these failures with Dr. Lile on numerous occasions.  Dr. Lile

initially replied with apologies and excuses. Over time, however, Dr. Lile and Three Aminos

failed to remedy their breaches and Dr. Lile's communications with Dr. Crum became more

hostile.

25.     Ultimately, the dispute came to a head when Dr. Crum discovered that Dr. Lile

stole his intellectual property and formed a side business without his knowledge in breach of the

Distribution Agreement.

### Dr. Crum Discovers Dr. Lile's Self-Dealing and Illegal Side Business

26.     In July 2022, Dr. Crum encountered a press release that Dr. Lile had authored or

approved regarding Immune Formulation 200®.  Not only did Dr. Crum not approve this press

release, but he was never even informed by Dr. Lile it had been published.

**Image 1 – Screen Shot of Press Release Taken From:**
https://www.businesswire.com/news/home/20220615005400/en/ProthioneTM-

**Capsules-Reduced-Time-to-COVID-19-Clinical-Resolution-and-Decreased-Viral-Load-in-Phase-II-Clinical-Trial**

Prothione is a novel antiviral with high clinical efficacy and pan- COVID-19 design properties that maintain activity with a favorable safety profile. The capsules provide the precursors to help the body produce intracellular GSH. Prothione contains three amino acids known to increase intracellular glutathione, reduce oxidative stress and inhibit inflammatory reactions during COVID-19.

The over-the-counter version of Prothione, Immune Formulation 200®, also known as IF200®, is available for sale in the United States and was recently approved by the Rwanda FDA. To learn more about Immune Formulation 200®, visit IF200.com.

27.      What Dr. Crum found shocked him. This language most of all: "The over-the-counter version of Prothione, Immune Formulation 200®, also known as IF200®, is available for sale in the United States and was recently approved by the Rwanda FDA. To learn more about Immune Formulation 200®, visit IF200.com."

28.      This language is shocking because Immune Formulation 200® is not also known as IF200®.[1] Dr. Crum certainly would not have expected to see it trademarked in relation to Immune Formulation 200®.  Even more egregious were the contents of IF200.com.

29.      Appallingly, Dr. Lile and Three Aminos had secretly created a website to sell and market Immune Formulation 200® without Dr. Crum or ProImmune's knowledge or permission. There is no mention of Dr. Crum on the website.  Despite the fact that Dr. Lile played no role in the development of Immune Formulation 200®, on a page titled "Our Story", it states "Doctor-Founded Dr. Laura Lile is a leader in preventative medicine."  It then includes Dr. Lile's bio, listing her as a "co-founder" and stating that she is "a rarity in the medical field . . . [who] has pioneered revolutionary formulations for her clients."

---

[1] Also, Immune Formulation 200® is not an over-the-counter version of Prothione. And the "®" symbol is reserved for use with registered trademarks. While the Defendants have applied for a trademark for IF200, that application has not been granted.

**[Image 2 – Screenshot of www.if200.com website]**

# DOCTOR-FOUNDED

Dr. Laura Lile is a leader in preventative medicine.



## DR. LAURA LILE

**CO-FOUNDER**

Dr. Laura is a rarity in the medical field. As one of the few compounding pharmacists and medical doctors, she has pioneered revolutionary formulations for her patients. Dr. Laura has devoted more than three decades to developing, teaching, and practicing the principles of preventive healthcare and wellness at Lile Wellness Partners. Her work is dedicated to creating a new operating system for primary care using 21st century integrative medicine.

Dr. Laura is a sought-after expert in the field of longevity and immune system optimization. She has been invited to educate her fellow doctors since 1995, and is an award-winning member of six National and Global associations. Her practice spans 41 states and four offices and serves thousands of patients.

30. The new website reveals dramatic new labeling and packaging for "IF 200."

**[Image 3 – Approved ProImmune Labeling and Packaging]**

**[Image 4 – Unapproved Labeling and Packaging Secretly Created by Dr. Lile and Three Aminos]**



Text in upper right corner states "Immune Formulation 200®"



31.     A search of the US Patent and Trademark Office trademark registry shows that

Three Aminos is the applicant for the IF200 trademark.  Dr. Lile's email address, along with her

daughter's email address, is listed for the correspondent email.  The Defendants made their trademark application without Dr. Crum's knowledge or consent.

32.     In short, Dr. Lile launched a competing brand behind Dr. Crum's back at the time she was ostensibly serving as a spokesperson for Immune Formulation 200®.

33.     Dr. Lile and Three Aminos' actions are a blatant violation of numerous contractual obligations under the parties' Distribution Agreement (Exhibit 1).

34.     First, Section 10.6 of the Distribution Agreement plainly states that Three Aminos "agrees not to register or assert ownership in any intellectual property rights, including patents and **trademarks**, associated with the Products, including Intellectual Property Rights, without ProImmune's written approval" (emphasis added).  The Defendants filed for trademark protection of IF200 without ProImmune's written approval.

35.     Second, Section 6.4 of the Distribution Agreement provides that Immune Formulation must be sold at www.orderproimmune.com absent advance written approval from ProImmune.  The Defendants never obtained permission or approval for the www.if200.com website.

36.     Third, Section 6.4 of the Distribution Agreement provides that "Distributor [Three Aminos] may not alter any labeling, marketing materials, or packaging associated with the Product [Immune Formulation 200®] without the prior written permission of ProImmune, provided that Distributor and ProImmune agree that any such labeling shall include Distributor's name, address (per Distributor's notice ins Section 20.1.1.2) and a website (www.orderproimmune.com) or any other domain name that is approved pursuant to Section 6.3 above."  The Defendants never sought prior written permission or obtained approval for the new labeling, marketing materials, or packaging.

9

37.     Dr. Crum gave Dr. Lile several opportunities to bring her contractual violations into compliance.  However, his trust and generosity were betrayed.

## COUNT 1—BREACH OF DISTRIBUTION AGREEMENT

### (By ProImmune Against Three Aminos and Dr. Lile)

38.     ProImmune incorporates each of the foregoing paragraphs as though fully set forth herein.

39.     On April 24, 2020, Three Aminos and ProImmune entered into a valid contract for consideration entitled the ProImmune Reseller Distribution Agreement (**Exhibit 1**).  On October 30, 2020, the Distribution Agreement was amended by Three Aminos and ProImmune for good and valuable consideration via the Second Amendment to ProImmune Reseller Distribution Agreement (attached hereto as **Exhibit 2**). ProImmune has performed all or substantially all of its obligations under these Agreements.

40.     Importantly, Dr. Lile, who signed the Distribution Agreement in her capacity as Manager of Three Aminos, agreed to be personally and individually bound for Three Aminos' obligations in the Distribution Agreement.  Specifically, Section 18.4 of the Distribution Agreement states: "The obligations in the Agreement are binding on the Parties themselves, as well as their subsidiaries and affiliates, and their respective shareholders, members, partners, directors, managers, officers, employees, agents and representatives."

41.     This provision, making Dr. Lile's personal liability explicit, was insisted upon by Dr. Crum lest Dr. Lile attempt to circumvent her promises by bankrupting Three Aminos or attempting to do indirectly things that she was prohibited from doing directly or through Three Aminos.

42.     Three Aminos and Dr. Lile have breached the Distribution Agreement and its

Second Amendment in several material respects.

43.     **Breach No. 1, Failure to Make Minimum Purchases**:  Section 7 of the Second

Amendment to the Distribution Agreement states that:

Notwithstanding any term or condition of the Agreement to the contract or in conflict, for the
period ending March 31, 2021 (the "Initial Minimum Purchase Period"), Distributor [Three
Aminos] agrees to purchase a minimum aggregate amount of Immune Formulation 200® for a
total minimum order of $2 million, including amounts purchased prior to the Effective Date of
this Second Amendment.  For the one-year period after the Initial Minimum Purchase Period,
namely April 1, 2021 to March 31, 2022, Distributor agrees to purchase a minimum aggregate
amount of Immune Formulation 200® for a total minimum order of $3 million.   . . .
Notwithstanding the foregoing, if Distributor does not achieve the Minimum Annual Amount in
any applicable period, (i) Distributor shall have a six (6) month grace period to meet the
applicable Minimum Annual Amount for such period . . .

44.     To date, Three Aminos and Dr. Lile have failed to meet the Minimum Purchase

obligation for the Initial Minimum Purchase Period (ending March 31, 2021), with an amount of

$150,000 still outstanding.  For the one-year period after the Initial Minimum Purchase Period

(April 1, 2021 to March 31, 2022), the entire minimum purchase amount of $3 million is still

outstanding.

45.     **Breach No. 2, No Alteration to Labeling or Marketing**:  Section 6.4 of the

Distribution Agreement states:

Distributor may not alter any labeling, marketing materials, or packaging associated with the
Product without the prior written permission of ProImmune, provided that Distributor and
ProImmune agree that any such labeling shall include Distributor's name, address (per
Distributor's notice in Section 20.1.1.2) and a website (www.orderproimmune.com) or any
other domain name that is approved pursuant to Section 6.3 above.  Except for labels, marketing
materials, and packaging provided by ProImmune for use in the United States, Distributor is
responsible for ensuring that any labeling, marketing materials, and packaging conforms with
any and all laws, regulation and other governmental or quasi-governmental standards.

46.     As alleged above, Three Aminos and Dr. Lile have breached Section 6.4 in

multiple material respects.  Three Aminos and Dr. Lile dramatically altered the labeling and

packaging of Immune Formulation 200®, including by marketing Immune Formulation 200® as

"IF200" and attempting to register a trademark for IF200 without informing ProImmune or obtaining the prior written permission of ProImmune.

47.     Three Aminos and Dr. Lile created a new website to sell and market Immune Formulation (www.if200.com) without informing ProImmune and without ProImmune's prior written permission.

48.     **Breach No. 3, Failure to Obtain Permission for Alteration to Labeling and Marketing**: Section 6.3 of the Distribution Agreement states:

> Any labels or marketing material which Distributor develops in connection with marketing and selling the Products must be pre-approved by ProImmune before any use, such approval must not be unreasonably withheld, conditioned, or delayed. In any event, Distributor shall insure that the label on the formulation it distributes commercially states that such formulation contains Immune Formulation 200® by ProImmune®.

49.     Three Aminos and Dr. Lile have breached Section 6.3 of the Distribution Agreement by dramatically altering the labeling and marketing of Immune Formulation 200®, as set forth above, without informing ProImmune or obtaining ProImmune's pre-approval.

50.     Three Aminos and Dr. Lile have breached Section 6.3 of the Distribution Agreement by creating new labeling for "IF200" that, among other things, fails to state it "contains Immune Formulation 200® by ProImmune®."

51.     **Breach No. 4, No Trademarks Without Prior Written Permission:** Section 10.6 of the Distribution Agreement states that Three Aminos "agrees not to register or assert ownership over any intellectual property rights, including patents and trademarks, associated with the Products, including Intellectual Property Rights, without ProImmune's written pre-approval."

52.     In breach of Section 10.6 of the Distribution Agreement, Dr. Lile and Three Aminos, on March 30, 2022, applied for a trademark for "IF200" without informing ProImmune and without ProImmune's written pre-approval.

53.     **Breach No. 5, No Alteration of Trademarks:**  Section 10.4.1 of the Distribution Agreement states: "Distributor shall not alter, remove, or tamper with any of the Trademarks, numbers, or other means of identification used on or in relation to the Product."

54.     Three Aminos and Dr. Lile have breached Section 10.4.1 of the Distribution Agreement by removing the Immune Formulation 200® and ProImmune® trademarks from the Product and selling it as "IF200".

55.     **Breach No. 6, Breach of Spokesperson Duties:**  Section 2.6 of the Second Amendment to the Distribution designates "Distributor's Principal, Dr. Laura Lile, M.D., R.Ph., [as] the official spokesperson for the Product [Immune Formulation] . . . ("Spokesperson")" with the following duties (among others):

a.   Section 2.6.3: "Spokesperson shall not serve as a spokesperson for any competitive product";

b.   Section 2.6.5: "Spokesperson shall use commercially reasonable efforts to actively promote Product, including through her social media account and during appropriate public and semi-public appearances";

c.   Section 2.6.6: "Spokesperson shall propose an annual marketing plan to ProImmune with a minimum list of events and activities that Spokesperson shall undertake during the year to promote the Product.  This marketing plan is subject to ProImmune's approval, not to be unreasonably withheld, conditioned, or delayed."

56.     At the signature page to the Distribution Agreement, Dr. Lile signed the Second Amendment to the Distribution Agreement "in an individual capacity" with respect to her Spokesperson duties.

57.     Dr. Lile breached Section 2.6.3 by actively marketing and promoting her competitive "IF200" product, as alleged above.

58.     Dr. Lile breached Section 2.6.5 by failing to use commercially reasonable efforts to actively promote Immune Formulation 200®, including through her social media account and during public and semi-public appearances.

59.     Dr. Lile breached Section 2.6.6 by having failed to propose an annual marketing plan to ProImmune.

60.     As a result of these material breaches of the Distribution Agreement, ProImmune has been damaged in amount to be determined at trial, no less than $5,000,000 plus interest.

## COUNT 2—VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d) *et seq.*)

### (By ProImmune Against Three Aminos and Dr. Lile)

61.     ProImmune incorporates each of the foregoing paragraphs as though fully set forth herein.

62.     The domain name www.if200.com, which sells Immune Formulation 200® under the name "IF200," is confusingly similar to the trademarked name "Immune Formulation 200®".

63.     Three Aminos and Dr. Lile have a bad faith intention to profit from the "Immune Formulation 200®" mark, namely by using the IF200 domain name to sell Immune Formulation 200®.

64.     Three Aminos and Dr. Lile's activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

14

65.     ProImmune has no adequate remedy at law, and if Defendants' activities are not enjoined, ProImmune will continue to suffer irreparable harm and injury to its goodwill and reputation.

66.     Defendants are causing and likely to continue to cause substantial injury to the public and to ProImmune, and ProImmune is therefore entitled to injunctive relief, including an order requiring the transfer of www.if200.com to ProImmune.

67.     ProImmune is entitled to recover the costs of this action under 15 U.S.C. §§ 1116, 1117, and 1125(d).

68.     In light of the egregious and exceptional nature of Three Aminos and Dr. Lile's conduct, including violating their contractual obligations under the Distribution Agreement not to create competing trademarks or websites as alleged above, and including setting up a competing and infringing brand while representing that she was serving as a spokesperson for Immune Formulation 200®, ProImmune is entitled to recover its reasonable attorneys' fees.

**COUNT 3—INFRINGEMENT OF REGISTERED TRADMARKS (15 U.S.C. § 1051 *et seq.*)**

**(By ProImmune Against Three Aminos and Dr. Lile)**

69.     ProImmune incorporates each of the foregoing paragraphs as though fully set forth herein.

70.     ProImmune has continuously used the Immune Formulation 200® mark in interstate commerce since on or before the dates of first use as reflected in the registration certificates attached hereto as **Exhibit 3**.

71.     ProImmune, as the owner of all right, title, and interest in Immune Formulation 200®, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1051 *et seq*.

72.     As alleged above, Three Aminos and Dr. Lile were, at the time they engaged in the activities described herein, actually aware that ProImmune is the owner of the federal trademark registrations for the Immune Formulation 200® mark.

73.     Three Aminos and Dr. Lile have infringed on ProImmune's mark by using "IF200" in interstate commerce to sell similar goods to those sold by ProImmune.

74.     In fact, Three Aminos and Dr. Lile have infringed on ProImmune's mark by using "IF200" in interstate commerce to sell the *exact* goods sold by ProImmune—Immune Formulation 200®.

75.     Three Aminos and Dr. Lile have infringed on ProImmune's mark by attempting to register their own mark covering ProImmune's goods: "IF200".

76.     Three Aminos and Dr. Lile's intentional use of "IF200" in commerce and in connection with the sale of Immune Formulation 200®, has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive the general purchasing public as to the source or origin of ProImmune's Immune Formulation 200®.

77.     Three Aminos and Dr. Lile's continued, knowing and intentional use of "IF200" without ProImmune's consent or authorization constitutes intentional infringement of ProImmune's federally registered trademarks in violation of 15 U.S.C. § 1051 *et seq.*

78.     As a direct and proximate result of Three Aminos and Dr. Lile's illegal and infringing actions, ProImmune has suffered monetary losses and irreparable injury, loss and damage to its business and its valuable rights in the Immune Formulation 200® mark and the goodwill associated therewith in an amount yet unknown, but to be determined at trial. ProImmune has no adequate remedy at law, and unless Three Aminos and Dr. Lile are enjoined,

they will continue to cause such substantial and irreparable injury, loss and damage to ProImmune and the Immune Formulation 200® mark.

79.     Based upon Three Aminos and Dr. Lile's actions as alleged herein, ProImmune is entitled to injunctive relief requiring Three Aminos to forfeit the www.if200.com website, damages for the irreparable harm that ProImmune has sustained, and all gains, profits and advantages obtained by Three Aminos and Dr. Lile as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 116-1118, and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, requests relief and judgment against Defendants as follows:

a.   For a judgment against Defendants for the causes of action alleged against them;

b.   For general and compensatory damages in an amount to be proven at trial;

c.   For punitive damages;

d.   For disgorgement of Defendants' ill-gotten gains and profits;

e.   For appropriate injunctive relief, including enjoining Three Aminos and Dr. Lile from continuing to maintain the www.if200.com website and transferring the www.if200.com website to ProImmune;

f.   For pre-judgment and post-judgment interest at the maximum rate permitted by law;

g.   For reasonable attorneys' fees;

h.   For Plaintiff's costs incurred; and

i.   For such other relief in law or equity as the Court deems just and proper.

Dated:  August 24, 2022                    Respectfully submitted,
                                           **BROWN, NERI, SMITH & KHAN LLP**

                                           By:____/s/ Ryan Abbott_____
                                           Ryan Abbott, Bar No. 5053673
                                           ryan@bnsklaw.com
                                           Kete Barnes, Bar No. 5528955
                                           kete@bnsklaw.com
                                           11601 Wilshire Blvd., Ste. 2080
                                           Los Angeles, CA 90025

                                           *Attorneys for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated:  August 24, 2022                    Respectfully submitted,
                                           **BROWN, NERI, SMITH & KHAN LLP**


                                           By:____/s/ Ryan Abbott_____
                                           Ryan Abbott, Bar No. 5053673
                                           ryan@bnsklaw.com
                                           Kete Barnes, Bar No. 5528955
                                           kete@bnsklaw.com
                                           11601 Wilshire Blvd., Ste. 2080
                                           Los Angeles, CA 90025

                                           *Attorneys for Plaintiff*

**VERIFICATION**

I, ALBERT CRUM, M.D., declare:

I am the Managing Member and Chief Executive Officer of The ProImmune Company, LLC, the Plaintiff in this action.

I have read the annexed Verified Complaint, and its factual contents are true to my personal knowledge, except as to the matters alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Rhinebeck, New York.


Dated:  August 24, 2022                          By: _____

                                                         Albert Crum, M.D.

1