UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE PROIMMUNE COMPANY, LLC,

                        Plaintiff,

          v.

LAURA LILE, M.D, and THREE AMINOS, LLC,

                        Defendants.

22-CV-7242 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On August 24, 2022, Plaintiff filed this breach of contract action against Defendants. On August 29, 2022, Defendants moved to reassign this matter from the Manhattan courthouse of the Southern District of New York to the White Plains courthouse, citing the Rules for the Division of Business Among District Judges. Plaintiff opposes the request.

The Court agrees with Defendants that the action belongs in White Plains. Rule 18 governs the initial designation of cases. It states that "[a] civil case shall be designated for assignment to White Plains if . . . [t]he claim arose in whole or in major part in the Northern Counties and at least one of the parties resides in the Northern Counties." Rule 18(a)(3)(A)(i). It also defines "Northern Counties" to include Dutchess County. Rule 18(a)(2)(b).

Plaintiff does not dispute Defendants' contention that its principal place of business is located in Dutchess County or that its claim arose in Dutchess County. Rather, it argues that Defendants consented, in the contract at issue, to the "'exclusive' venue of any court in 'New York County'" and agreed "not to assert by way of motion, defense or otherwise . . . that the venue of the action is improper." This argument is unavailing. First, "both [c]ourthouses are of the Southern District of New York, and thus comprise the same venue." *Allah v. Colvin*, No. 15-CIV-

6099 (NSR) (JCM), 2016 WL 8653250, at *12 n.12 (S.D.N.Y. Dec. 20, 2016), *report and recommendation adopted*, No. 15-CV-6099 (NSR) (JCM), 2017 WL 1215307 (S.D.N.Y. Mar. 31, 2017); *see also Ji v. Aily Foot Relax Station, Inc.*, No. 19-CV-11881 (VB), 2022 WL 3372310, at *1 (S.D.N.Y. July 18, 2022) ("There is only one division in this District, and both the White Plains and Manhattan courthouses are located within it.") (citing 28 U.S.C. § 112(b)).  Second, a plaintiff "does not have a right to have his cases heard in a particular courthouse within the Southern District of New York." *Tiffany v. Tartaglione*, No. 00 CIV. 2283 (GBD), 2001 WL 15677, at *2 (S.D.N.Y. Jan. 5, 2001).

The Court finds that the interests of justice and judicial economy would be served by reassignment of this matter to White Plains at this early stage of the proceeding.  *See Hicks v. Bracero*, No. 12 CIV. 9000 (AT) (HBP), 2014 WL 3925278, at *2 (S.D.N.Y. Aug. 8, 2014) ("The case is still in its initial stages and a transfer to White Plains will not result in any duplication of effort or waste of judicial resources."); *Nixon v. Diehm*, No. 99-CIV-9843 (KMW) (THK), 2000 WL 280009, at *2 (S.D.N.Y. Mar. 14, 2000) (finding reassignment to White Plains appropriate where "[the] Court [had] not yet held any proceedings . . . nor had any other substantive involvement with the case").  Accordingly, the case will be reassigned to White Plains.

SO ORDERED.

Dated:   September 2, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge